ARMOUR LEGAL, LLC.
Matthew W. Bartz (SBN#024972)
3317 S. Higley Rd. Suite 114-444
Gilbert, AZ 85297
Telephone: 602-550-8919
Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>vs.<br><br>Carlos Armando Valencia-Arellano,<br><br>Defendant. | Case No.: 2:22-cr-0259-PHX-DLR-3<br><br>DEFENDANT'S SENTENCING MEMORANDUM WITH MEMORANDUM OF POINTS AND AUTHORITIES; AND REQUEST FOR DOWNWARD VARIANCE |

Defendant, Carlos Valencia-Arellano, by and through counsel, submits the following as his Sentencing Memorandum pursuant to 18 U.S.C. §3553 and *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738 (2005), *Rita v. United States*, 551 U.S. 338, 127 S. Ct. 2456 (2007), *Gall v. United States*, 552 U.S. 38, 128 S. Ct. 586 (2007), and *Kimbrough v. United States*, 552 U.S. 85, 128 S. Ct. 558 (2007). Mr. Rosales asks this Court to follow the terms of the plea agreement, grant a variance and impose a sentence of Probation with all other conditions as

recommended in the Presentence Investigation Report. The following Memorandum of Points and Authorities is attached in support of this request.

RESPECTFULLY SUBMITTED this 25th Day of January, 2024.

/s/ *Matthew W. Bartz*
Attorney for Defendant

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S SENTENCING MEMORANDUM

## I. Facts

Carlos Valencia-Arellano has accepted responsibility and entered into a plea agreement for his involvement in the crime of Conspiracy to Engage in Making False Statements to Acquire Firearms, a violation of 18 U.S.C. § 371 and 924(a)(1)(A) (Doc. 146), having occurred between December 8, 2016 through April 7, 2017.

On April 14, 2017, Mr. Valencia-Arellano was interviewed by government agents and openly admitted to his role in purchasing firearms and fraudulently filling out the ATF Form 4473, listing himself as the sole purchaser of the firearms. In fact, Mr. Valencia-Arellano had been recruited by a co-defendant to purchase the firearms and subsequently brought other friends of his into the same conspiracy. Carlos Valencia-Arellano received $200 for each of the eight (8) firearms he purchased for the co-defendant—Arnold Jesse Cervantes, who was recently sentenced to 7 months in the Bureau of Prisons for his role in organizing the conspiracy and orchestrating the purchases of specific firearms with transportation to Mexico.

After his arrest and appearance in Court, Mr. Valencia-Arellano was released with Pretrial Services supervision. Mr. Valenica-Arellano has been fully complaint with all conditions of release since June 13, 2022. For the eighteen (18)

months that he has been supervised, he has diligently contacted undersigned counsel every single Friday as ordered by the Court and he has continued to work full-time, even receiving promotions at his job during this time period. Every single day has been stressful for Mr. Valencia-Arellano, who informed counsel that he finds it impossible to not think about this case every single day and regret the choices that he made about seven years ago. During those years, he has matured. In 2021, he married his wife--Sonya. Just before being arrested in 2022, he purchased a home in Yuma with his wife. They have started a family and have two children with a dog. The pressure of the case has been a stress that the entire family has born. Shortly after Carlos began supervision by pretrial services, he was diagnosed by Community Bridges with anxiety and acute post-traumatic stress disorder. Over the past 18 months his symptoms have improved as he has began to hope for a favorable outcome in his sentencing.

**No Objections and No Corrections to the Presentence Investigative Report**

Counsel and Mr. Valenica-Arellano have reviewed the Presentence Investigative Report and do not make any objections or corrections to the contents or guideline calculations.

## II. Sentencing Recommendation

At this point, Mr. Valencia-Arellano seeks the mercy of the Court. As the Court can see from his criminal history, this is Mr. Valencia-Arellano's very first conviction of any kind. Before this incident occurred, and since his interview with

agents in April 2017, he has lived a completely crime free life. From his Personal Data in the PSR as well as the numerous character letters submitted on his behalf, it is clear that Mr. Valencia-Arellano has not lived a life of privilge. However, himself and every member of his family have proven themselves to be extremely hard workers and a great value to our country. Carlos began working when he was 14 or 15 years old, and has not stopped. As as youth, he sold food at the swapmeet to help buy school supplies. Today, he works as a Heavy Equipment Operator for Republic Services, Inc.

Brenda Rivera, who is Carlos's sister-in-law, stated in her letter:

> "I can confirm Carlos is a man of great integrity, is extremely dedicated to his family and work. Although it might be hard to believe, given the circumstances but it is true. I have had the privildege of knowing Carlos since 2017. In that time, I have been able to see him grow into the family man he is now." *See Character Letter from Brend Rivera.*

As the Court knows, Mr. Valencia-Arellano immigrated to the United States when he was only seven (7) years old. To his credit, he overcame much finacial hardship and the language barrier to graduate High School in 2012. His mastery of the English language is excellent. Since graduating he has never stopped working. He started out at a mobile car wash, then worked as a cook at Jack-in-the-Box, then a clerk a Chevron. In 2015, at age 21, he became a fork lift operator. A couple years later, he also worked part-time in landscaping from 2017 through 2021. During these years and until June 2021 he worked both part-time and full-time at El Buen Taquito as a cook in Yuma, AZ. In other words, he always worked at

least one job, if not two or even three jobs simultaneously. In June 2021, he was employed by Republic Services and still works there to this day. The management at Republic Services is fully aware of his current court case, and their operations manager, Ken Mullins, has also submitted a letter of support for Carlos:

> "Carlos has been employed with Republic Services for over two years as a Heavy Equipment Operator. During this time, he has shown dedication tohis job and reflected a responsible attitude as an employee. I have witnessed a bit of his personal life and he seems to be a dedicated father and a family man. Based on his job performance, there is no reason he could not continue in this role in the future." *See Character Letter from Ken Mullins*

This endorsement my Mr. Mullins should help give the Court and all parties some degree of comfort in knowing that his employer desires to continue to work with Carlos after his sentencing hearing.

As the Court knows, the goal of sentencing is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553 which states:

18 U.S.C. § 3553. Imposition of a sentence

(a) Factors to be considered in imposing a sentence. The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider--

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed--

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
> ...
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

Although the charges and conduct behavior of Mr. Valencia-Arellano, are often punish with a term of imprisonment, both the Presentence Investigative Report and the Government's Sentencing memorandum outline a large number of reasons the Court should grant a downward variance in this case. The government's memorandum, also supports the request of Mr. Valenica-Arellano for a sentence to probation—in part because of the sentence that the primary defendant just received of seven months incarceration, in part because of the age of the case, and in part because of Mr. Valencia-Arellano's conduct both before and after the time period of his life in which the crimes occurred. To add to the endorsements and reasons listed in formal filings, seven (7) character letters from family members and his employer have been submitted that outline more personal reasons for the court to consider, such as the amount of remorse Mr. Valencia-Arellano has shown, the emotional toll the case has taken on him, the financial strain that a prison term would place on his family, and the emotional harm it would cause to his young children.

We submit that a sentence of Probation is sufficient, but not greater than necessary to accomplish the statutory goals of sentencing pursuant to 18 U.S.C. 3553(a).

In sentencing Mr. Valencia-Arellano, the Court should also consider: (A) that this offense was committed in 2017, (B) his immediate and full cooperation with investigators in 2017, (C) his has accepted responsibility before the Court, (D) his lack of any criminal history, (E) his exceptional work history, (F) his dedication to supporting his family, (G) his exceptional compliance with all court orders for the past 18 months.

## III. Conclusion

Given the circumstances in this case, and the high number of reasons for the Court to grant a variance, Mr. Valencia-Arellano humbly requests the court consider a sentence of Probation.

RESPECTFULLY SUBMITTED this 25th Day of January, 2024.

ARMOUR LEGAL, L.L.C.

/s/ *Matthew W. Bartz*
Attorney for Defendan

I hereby certify that on January 25, 2024:

I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following CM/ECT registrants:

Honorable Douglas L. Rayes and
Abbie Broughton Marsh, Assistant U.S. Attorney

Courtesy copy of draft order e-mailed to:

Honorable Douglas L. Rayes
Rayes_chambers@azd.uscourts.gov

Abbie Broughton Marsh Assistant U.S. Attorney
Abbie.Broughton.Marsh@usdoj.gov

Alexa K. Gerrior, U.S. Probation Officer
alex_gerrior@azd.uscourts.gov

By:_*/s/Matthew W. Bartz*